UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF YUTA SHIGA,<br><br>Applicant. | Case No.  5:23-mc-80196-EJD<br><br>**ORDER GRANTING IN PART EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: ECF No. 1 |

Before the Court is Applicant Yuta Shiga's *ex parte* application ("Application") for an order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding ("*Ex Parte* Application" or "Application"). Specifically, Applicant seeks documents from Google LLC ("Google") to discover personal identifying information relating to anonymous Google Maps users who had left poor reviews of Applicant's dental clinic.

For the reasons stated below, the Application is GRANTED IN PART.

## I. BACKGROUND

Applicant is a licensed medical doctor in Japan and is the sole proprietor of Soubudai Yu Dental Clinic ("Clinic") in Kanagawa-ken, Japan. Decl. Yuta Shiga ("Shiga Decl.") ¶ 1–4, ECF No. 1-1. The Clinic maintains a business profile on Google Maps that reflects the Clinic's reviews and ratings. *Id.* ¶¶ 8–9. The Application relates to two one-star reviews left by anonymous Google Maps users with respect to the Clinic.

The first review was left by an anonymous individual with the display name of "*Son Yama*." Shiga Decl. ¶ 10. The review stated that the Clinic is "[m]oney-grubbing where fake

Case No.: 5:23-mc-80196-EJD
ORDER GRANTING IN PART § 1782 APPLICATION
1

billing is common place," that "an expensive multi-slice CT was used without the patient's consent," and accused the Clinic of "threatening me if I chose a cheaper insurance treatment instead of ceramics." *Id.* ¶¶ 12–14.  The second review from an individual with the display name "*Hana*."  The review attributes "fraudulent billing, rip-off level fees" to the Clinic. *Id.* ¶¶ 11, 15.

Applicant consulted counsel Akio Noguchi about filing civil lawsuits in Japan against the two anonymous individuals but was informed that the individuals' true identities were necessary to file civil suits in Japan.  *Id.* ¶ 19; Decl. Akio Noguchi ("Noguchi Decl.") ¶ 5, ECF No. 1-2.  Applicant intends to file suit pursuant to the Civil Code of Japan, Articles 709 (damages in torts) and 710 (compensation for damages other than property).  Noguchi Decl. ¶¶ 7–9.

On July 26, 2023, Applicant filed the instant *ex parte* application for an order pursuant to 28 U.S.C. § 1782.  ECF No. 1.  The Application seeks four requests for production as follows:

> **REQUEST FOR PRODUCTION NO. 1.**  DOCUMENTS sufficient to show the following information ever registered with ALL of the ACCOUNTS:
>
> (i) names;
>
> (ii) physical, billing, shipping, or ALL other addresses;
>
> (iii) recovery, authentication, or ALL other e-mail addresses;
>
> (iv) recovery, authentication, or ALL other telephone numbers;
>
> (v) ALL names and addresses of ALL credit cards registered to the ACCOUNTS (but not the credit card number, expiration date, or card validation code); and,
>
> (vi) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to the ACCOUNTS.
>
> **REQUEST FOR PRODUCTION NO. 2.**  DOCUMENTS sufficient to show the following information for the three-month period immediately preceding July 27, 2023 and until the date that you respond to this request: ALL access log (dates, times, IP addresses, port numbers, and destination IP addresses) of ALL of the ACCOUNTS.
>
> **REQUEST FOR PRODUCTION NO. 3.**  DOCUMENTS sufficient to show the following information ever registered with ALL Google Ads accounts, Google AdSense accounts, or ALL other accounts that are controlled by you that the ACCOUNTS have ever been used to login with (hereinafter "OTHER ACCOUNTS"):

Case No.: 5:23-mc-80196-EJD
ORDER GRANTING IN PART § 1782 APPLICATION

2

      (i)      names;

      (ii)     physical, billing, shipping, or any other addresses;

      (iii)    recovery, authentication, or any other e-mail addresses;

      (iv)    recovery, authentication, or any other telephone numbers;

      (v)     ALL names and addresses of ALL credit cards registered to ALL of the OTHER ACCOUNTS (but not the credit card number, expiration date, or card validation code);

      (vi)    ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ALL of the OTHER ACCOUNTS; and,

      (vii)   the type of ALL of the OTHER ACCOUNTS (such as a Google Ads account).

**REQUEST FOR PRODUCTION NO. 4.** DOCUMENTS sufficient to show the following information for the three-month period immediately preceding July 27, 2023 and until the date that you respond to this request: ALL access log (dates, times, IP addresses, port numbers, and destination IP addresses) of ALL of the OTHER ACCOUNTS

ECF No. 1, at 13–14.

## II.    LEGAL STANDARDS

Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering evidence for use in foreign proceedings. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

In addition to the mandatory statutory requirements, the district court retains discretion in determining whether to grant an application under § 1782(a) and may impose conditions it deems

desirable. *Intel Corp.*, 542 U.S. at 260–61. In *Intel Corp.*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a § 1782(a) request, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–66.

## III. DISCUSSION

### A. Statutory Factors

The Court finds that Applicant has satisfied the three statutory criteria of § 1782(a).

First, the Application satisfies the residence requirement because Google has its principal place of business in Mountain View, California. Noguchi Decl. ¶ 6; *see also, e.g.*, *In re Todo*, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022) ("In this district, business entities are 'found' where the business is incorporated, is headquartered, or where it has a principal place of business.") (collecting cases). Therefore, Google resides or can be found in this district for the purposes of § 1782.

Second, the Court finds that the discovery is sought for use in foreign proceedings. If a § 1782(a) request is made when there is no currently pending proceeding, such a proceeding must be "likely to occur" or is "within reasonable contemplation." *Intel Corp.*, 542 U.S. 241 at 258–59. Applicant had consulted and hired Japanese counsel to pursue a civil lawsuit in Japan but was informed that the true identity of the anonymous individual was required to file the suit. Shiga Decl. ¶¶ 19–21. Additionally, Applicant's counsel has corroborated Applicant's intent to file suit and provided specific articles in the Civil Code of Japan under which relief is sought. Noguchi Decl. ¶¶ 5, 7–9. The Court is satisfied that the foreign civil suit is within reasonable contemplation and likely to occur.

Finally, Applicant is plainly an "interested person" in the contemplated foreign

proceedings as the plaintiff in the contemplated foreign suit. *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782.") (internal quotation marks and brackets omitted).

Based on the foregoing, the Court finds that the Application satisfies the statutory factors to warrant an order pursuant to § 1782.

### B.     Discretionary *Intel* Factors

At this stage, the Court also finds that the discretionary *Intel* factors weigh in favor of granting the Application.

#### 1.     Participation of Target in the Foreign Proceeding

Turning to the first factor, which addresses whether the discovery target is or will be a participant in the foreign proceeding, the relevant inquiry is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity.") (quotation marks and citation omitted). Here, Google would not be a party in the contemplated Japanese civil proceeding, and therefore, the Japanese tribunal would be unable to compel Google to produce discovery without the aid of § 1782. Noguchi Decl. ¶ 14. "In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence." *In re Med. Corp. Takeuchi Dental Clinic*, 2022 WL 1803373, at *3 (N.D. Cal. June 2, 2022) (citing *Intel*, 542 U.S. at 264). Accordingly, the first *Intel* factor weighs in favor of granting the Application.

#### 2.     Receptivity of Foreign Tribunal to U.S. Judicial Assistance

The second *Intel* factor also favors granting the Application. "Courts conducting this analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is

Case No.: 5:23-mc-80196-EJD
ORDER GRANTING IN PART § 1782 APPLICATION
5

likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re Varian*, 2016 WL 1161568, at *4 (internal quotation marks omitted).

Here, the Court is unaware of any evidence that foreign courts in Japan would reject evidence obtained via § 1782, and foreign counsel has represented that Japanese courts are receptive to assistance in discovery from federal courts. Noguchi Decl. ¶¶ 15–16; *see also Bitwallet Pte. Ltd. v. Meta Platforms, Inc.*, 2023 WL 1111505, at *3 (N.D. Cal. Jan. 30, 2023) (finding factor weighed in favor of discovery where Japanese counsel made similar representations). Accordingly, given that there is no authoritative proof that a Japanese court would reject evidence obtained under § 1782, the second *Intel* factor weighs in favor of granting the Application.

### 3. Circumvention of Proof-Gathering Restrictions

The third factor—whether an applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"—also favors permitting the requested discovery. *Intel Corp.*, 542 U.S. at 265.

"Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (quotations and citations omitted). Here, foreign counsel is not aware of any restrictions on proof-gathering procedures or policies in Japan that would prohibit obtaining the discovery they seek through the Application. Noguchi Decl. ¶ 17. The Court sees no reason to doubt foreign counsel's sworn representations and, therefore, finds that there is nothing to suggest that Applicant is attempting to circumvent Japanese proof-gathering restrictions.

### 4. Unduly Intrusive or Burdensome

The fourth factor the Court must consider is whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Discovery requests may be intrusive or

burdensome if "not narrowly tailored temporally, geographically or in their subject matter." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1044.

Applicant's proposed subpoena contains four requests for production. Applicant first seeks the names, addresses, e-mail addresses, telephone numbers, names associated with payment methods, and access logs for the "*Son Yama*" and "*Hana*" Google accounts. ECF No. 1, at 13–14. Applicant further requests the same set of information for "ALL Google Ad accounts, Google AdSense accounts, or ALL other accounts that are controlled by [Google] that the ACCOUNTS have ever been used to login with (hereinafter "**OTHER ACCOUNTS**")." *Id.*

The Court finds that Applicant has sufficiently shown that he has taken measures to tailor the first two requests for production to avoid being unduly intrusive or burdensome. For instance, Applicant requests "ALL names and addresses of ALL credit cards registered to" the two accounts but expressly excludes the discovery or any "credit card number, expiration date, or card validation code." ECF No. 1, at 13; *In re Med. Corp. H&S*, 2019 WL 1230440, at *4 (N.D. Cal. Mar. 15, 2019) (limiting discoverable credit card information to the name and address registered to the payment information). With respect to Applicant's proposed request for access log information, foreign counsel has thoroughly demonstrated why such information is relevant and necessary to pursue Applicant's contemplated civil suit in Japan. Noguchi Decl. ¶¶ 18–28; *see also In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *4 (N.D. Cal. Aug. 10, 2021) (granting subpoena without limitation that requested "ALL access log and login history (dates, times, IP addresses, and type of accesses)").

However, the Court finds that the third and fourth requests for documents pertaining to "OTHER ACCOUNTS," such as Google Ad and AdSense accounts, would be "unduly intrusive or burdensome." None of the declarations submitted with the Application have addressed the necessity or relevance of the "OTHER ACCOUNTS" documents to the contemplated foreign suit, such as identifying reasons to believe the two users had other Google Ad or AdSense accounts.

Accordingly, the Court finds that the fourth *Intel* factor only favors granting the Application as to the first and second Requests for Production. ECF No. 1, at 13.

Case No.: 5:23-mc-80196-EJD
ORDER GRANTING IN PART § 1782 APPLICATION
7

* * *

In sum, the Court finds that all *Intel* discretionary factors favor granting the Application as to the first and second Requests for Production only. Accordingly, the Court will exercise its discretion to GRANT IN PART the Application without prejudice to any subsequent motion to quash or modify the subpoena.

## IV.  CONCLUSION

Based on the foregoing, the Court finds that the Application satisfies the statutory factors under 28 U.S.C. § 1782 and the discretionary *Intel* factors. Accordingly, the Application is GRANTED IN PART.

Applicant may serve the proposed subpoena—EXCEPT for Request for Production No. 3 and Request for Production No. 4—on Google LLC.

**IT IS SO ORDERED.**

Dated: October 2, 2023

EDWARD J. DAVILA
United States District Judge